IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WHITNEY DESIGN, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 4:08CV01140 CDP |
| | ) | |
| B & R PLASTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF

COMES NOW Defendant, by and through counsel, Fischer & Fischer, LLP, and for its Answer to Plaintiff's Complaint for Declaratory Judgment, states as follows:

1. Defendant admits Paragraphs 1, 2 and 3 of Plaintiff's Complaint.

2. Defendant admits Paragraph 4 in that the Court has jurisdiction under the patent laws to determine a Complaint for Declaratory Judgment, but denies that venue is appropriate as Defendant believes venue is appropriate in the Federal District Court of Colorado.

3. Defendant admits the allegations contained in Paragraphs 5 and 6.

4. Defendant denies the allegations contained in Paragraph 7 that the step stool of Whitney Design, Inc. does not infringe the 566' Patent.

5. Defendant denies the allegations contained in Paragraph 8 that the '566 Patent is invalid, void or unenforceable pursuant to any of the criteria outlined in the Complaint.

5. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

## DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF

COMES NOW Defendant, by and through counsel, Fischer & Fischer, LLP, and asserts the following Counterclaim against the Plaintiff in this action, and in support of same states as follows:

## GENERAL ALLEGATIONS

1. Defendant is the licensee of a Patent designed and invented as a foldable stool. Said Design Patent was issued to inventor Reed E. Henschel and Brad Eveleth under Patent No. US D460,566 S on July 16, 2002. A copy of said Patent is attached hereto as "Exhibit 1".

2. Plaintiff, through its divisions, subsidiaries and/or agents, is engaged, inter alia, in the business of manufacturing, marketing, distributing and selling an infringing product advertised as a folding step stool.

3. The Folding Step Stool is a direct knock-off of one (1) of Defendant's products.

4. The Plaintiff's product uses Defendant's patent and technology or a reasonable facsimile therefore in direct competition with Defendant's own product.

5. Upon information and belief, the Plaintiff is fully aware of Defendant's Patent and product as Plaintiff's product is an almost identical duplication of the advertising contained on said product.

6. Upon information and belief, the Plaintiff's importer from China has been put on notice by Defendant through various correspondence related to the improper manufacture of said product.

7. Despite being put on notice of the infringement, Plaintiff continues to make, distribute, advertise, market and sell the Folding Step Stool which infringes on the Patent licensed to Defendant.

8. Plaintiff's acts of marketing, distributing, and otherwise infringing against Defendant has occurred throughout the United States.

### FIRST CLAIM FOR RELIEF

#### (Patent Infringement)

9. Defendant incorporates and restates the foregoing allegations as set forth above as though fully set forth herein.

10. Plaintiff is infringing Defendant's Patent by, inter alia, manufacturing, distributing, advertising, marketing and selling the Step N' Store Stool. Such infringement is deliberate, willful, intentional and with full knowledge of the existence and validity of the Patent licensed to Defendant.

11. Upon information and belief, Plaintiff has been infringing the Patent for approximately six (6) months. Plaintiff's infringement has continued to date and will continue to do so unless enjoined by the Court.

12. As a direct and proximate result of Plaintiff's actions, Defendant has suffered damages in an amount to be ascertained at trial.

### SECOND CLAIM FOR RELIEF

#### (Injunction)

13. Defendant incorporates and restates the allegations set forth above as though fully set forth herein.

14. As a direct and proximate result of Plaintiff's actions of infringing the Patent licensed to Defendant, Defendant has suffered, and will continue to suffer, irreparable harm.

15. Defendant has no adequate remedy at law if Plaintiff continues to infringe the Patent licensed to Defendant.

16. Defendant has suffered, and will continue to suffer, irreparable harm and damage unless a preliminary and final injunction are issued enjoining Plaintiff from infringing the Patent licensed to Defendant.

17. Defendant will likely prevail on the merits of the case at trial.

### THIRD CLAIM FOR RELIEF

### (Unfair Competition)

18. Defendant incorporates and restates the allegations set forth above as though fully set forth herein.

19. Defendant has invested substantial time, energy and resources in developing, marketing, and selling products covered by the Patent.

20. By the above mentioned activities, Plaintiff has misappropriated Defendant's efforts and such are being improperly used by Plaintiff to compete with Defendant in the United States.

21. Plaintiff has usurped Defendant's competitive advantage and interfered with the operation of Defendant's legitimate business.

22. Plaintiff's conduct and activities constitute unfair competition against Defendant.

28. Plaintiff's conduct and activities have damaged Defendant in an amount to be determined at trial which is in excess of $75,000.00 and, unless enjoined, will seriously impair the value of Defendant's business.

**WHEREFORE**, Defendant prays for judgment against the Plaintiff as follows:

   (a)   That it be adjudged that the Patent licensed to Defendant has been infringed by Plaintiff;

(b)  Award Defendant a preliminary and permanent final injunction against the continued infringement;

(c)  Order an accounting of Plaintiff's sales, profits, cost of goods sold and other relevant financial information as it relates to the Folding Step Stool;

(d)  Award Defendant damages against Plaintiff in an amount adequate to compensate Defendant for such infringement and not less than a reasonable royalty, together with interest and costs, in an amount to be ascertained;

(e)  Award Defendant an additional sum on account of the willful, intentional and deliberate character of Plaintiff's infringing acts pursuant to 35 U.S.C. 284;

(f)  Award Defendant reasonable attorney fees and costs against Plaintiff; and

(g)  Grant Defendant all other legal and equitable relief for which Defendant is entitled.

**DEFENDANT DEMANDS A JURY OF 12.**

Dated this 20th day of March, 2009.

                        Respectfully submitted,

                        *Fischer & Fischer, LLP*

                        /s/ Erik G. Fischer
                        Erik G. Fischer, #16856
                        Fischer & Fischer, LLP
                        125 S. Howes Street, Suite 900
                        Fort Collins, CO 80521
                        Telephone: (970) 482-4710
                        Facsimile: (970) 482-4729
                        efischer@fischerandfischerlaw.com
                        *Attorney for B & R Plastics, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 20th day of March, 2009, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND DEFENDANT'S COUNTERCLAIM AGAINST PLAINTIFF** was e-served with notice e-mailed to the following:

Nelson D. Nolte
Polster, Lieder, Woodruff & Lucchesi, L.C.
12412 Powerscourt Drive - Suite 200
St. Louis, MO 63131
(314) 238-2400
nnolte@patpro.com

                        s/ Deborah A. Bishop
                        Fischer & Fischer, LLP
                        125 South Howes Street - Suite 900
                        Fort Collins, Colorado 80521
                        (970) 482-4710
                        (970) 482-4729 (Fax)
                        dbishop@fischerandfischerlaw.com

AUG-13-2008 WED 10:46 AM FREDRIKSON & BYRON  FAX NO. 9704921101  P. 11
Case 4:08-cv-01140-CDP  Document 25  Filed 03/20/09  Page 7 of 20

Case 4:08-cv-01140  Document 1-2  Filed 08/04/2008  Page 1 of 14

US00D460566S

## (12) United States Design Patent
### Henschel et al.

(10) Patent No.: **US D460,566 S**
(45) Date of Patent: ** Jul. 16, 2002

(54) FOLDABLE STOOL

(76) Inventors: Reed E. Henschel, 219 Main St., P.O. Box 337, Faith, SD (US) 57626; Brud Eveleth, Box 68-5 P.O. HC 59, Edgemont, SD (US) 57735

(**) Term: 14 Years

(21) Appl. No.: 29/144,406

(22) Filed: Jul. 2, 2001

(51) LOC (7) Cl. .................................................. 25-04
(52) U.S. Cl. .................................................. D25/65
(58) Field of Search ........................... D25/65, 62, 63; 108/124, 129, 130, 131, 132; 16/DIG. 13; 297/44, 42, 188.1

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 1,970,196 A | 8/1934 | Rodemeyer |
| 3,077,282 A | 2/1963 | Eggers |
| 3,673,636 A | 7/1972 | Ruiz |
| 4,043,277 A * | 8/1977 | Wallace .................. 108/35 |
| 4,253,268 A | 3/1981 | Mayr |
| D265,026 S * | 6/1982 | Macho et al. .............. D6/353 |
| 4,383,488 A | 5/1983 | Macho et al. |
| 4,630,861 A | 12/1986 | Henschel |
| 4,807,329 A | 2/1989 | Mossaigue |
| 5,361,456 A | 11/1994 | Newby, Sr. |
| 5,697,669 A | 12/1997 | Yemini |
| 5,845,366 A | 12/1998 | Kuroda |
| 5,940,934 A | 8/1999 | Turner |

* cited by examiner

Primary Examiner—Stella Reid
(74) Attorney, Agent, or Firm—Kinney & Lange, P.A.

(57) **CLAIM**

The ornamental design for a foldable stool, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of the present invention in an open position;
FIG. 2 is a top plan view of the present invention in an open position;
FIG. 3 is a front elevational view of the present invention in an open position;
FIG. 4 is a right side view of the present invention in an open position;
FIG. 5 is a rear elevational view of the present invention in an open position;
FIG. 6 is a left side view of the present invention in an open position;
FIG. 7 is a bottom plan view of the present invention in an open position;
FIG. 8 is a perspective view of the present invention in a folded or collapsed position;
FIG. 9 is a top plan view of the present invention in a folded or collapsed position;
FIG. 10 is a front elevational view of the present invention in a folded or collapsed position;
FIG. 11 is a right side view of the present invention in a folded or collapsed position;
FIG. 12 is a rear elevational view of the present invention in a folded or collapsed position;
FIG. 13 is a left side view of the present invention in a folded or collapsed position; and,
FIG. 14 is a bottom plan view of the present invention in a folded or collapsed position.

1 Claim, 13 Drawing Sheets





EXHIBIT A

000001

AUG-13-2008 WED 11:45 AM COCHRAN FREUND & YOUNG   FAX NO. 9704921101                P. 12
Case 4:08-cv-01140-CDP   Document 25   Filed 03/20/09   Page 8 of 20
Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 2 of 14

**U.S. Patent**     Jul. 16, 2002     Sheet 1 of 13     **US D460,566 S**



FIG. 1

AUG-13-2008 WED 11:45 AM COCHRAN FREUND & YOUNG  FAX NO. 9704821104  P. 13
Case 4:08-cv-01140-CDP  Document 25  Filed 03/20/09  Page 9 of 20

Case 4:08-cv-01140  Document 1-2  Filed 08/04/2008  Page 3 of 14

U.S. Patent    Jul. 16, 2002    Sheet 2 of 13    US D460,566 S



FIG.2

AUG-13-2008 WED 08:45 AM COCHRAN FREUND & YOUNG    FAX NO. 9704821101    P. 14
Case 4:08-cv-01140-GCD   Document 25   Filed 03/20/09   Page 10 of 20

Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 4 of 14

U.S. Patent        Jul. 16, 2002        Sheet 3 of 13        US D460,566 S



FIG. 3

000004

AUG-13-2008 WED 11:40 AM COCHRAN FREUND & YOUNG    FAX NO. 9704821101    P. 15
Case 4:08-cv-01140-CDP   Document 25   Filed 03/20/09   Page 11 of 20
Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 5 of 14

U.S. Patent        Jul. 16, 2002        Sheet 4 of 13        US D460,566 S



FIG. 4

000005

AUG-13-2008 WED 11:46 AM COCHRAN FREUND & YOUNG    FAX NO. 9704921101    P. 16
Case 4:08-cv-01140-CDP   Document 25   Filed 03/20/09   Page 12 of 20

Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 6 of 14

**U.S. Patent**   Jul. 16, 2002   Sheet 5 of 13   **US D460,566 S**



FIG. 5

AUG-13-2008 WED 11:46 AM JOCRAND FREUND & YOUNG    FAX NO. 9704921101    P. 17
Case 4:08-cv-01140-RCD Document 25    Filed 03/20/09    Page 13 of 20

Case 4:08-cv-01140    Document 1-2    Filed 08/04/2008    Page 7 of 14

**U.S. Patent**    Jul. 16, 2002    Sheet 6 of 13    **US D460,566 S**



FIG. 6

AUG-13-2008 WED 11:40 AM COCHRAN FREUND & YOUNG    FAX NO. 9704921101    P. 18
Case 4:08-cv-01140-CDP    Document 25    Filed 03/20/09    Page 14 of 20

Case 4:08-cv-01140    Document 1-2    Filed 08/04/2008    Page 8 of 14

**U.S. Patent**    Jul. 16, 2002    Sheet 7 of 13    US D460,566 S



FIG.7

000008

AUG-13-2008 WED 11:48 AM COCHRAN FREUND & YOUNG    FAX NO. 9704821181    P. 19
Case 4:08-cv-01140-CDP   Document 25   Filed 08/20/08   Page 15 of 20

Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 9 of 14

**U.S. Patent**  Jul. 16, 2002  Sheet 8 of 13  **US D460,566 S**



FIG. 8

**U.S. Patent**  Jul. 16, 2002  Sheet 9 of 13  **US D460,566 S**



FIG. 9



FIG. 14

000010

AUG-13-2008 WED 11:46 AM COCHRAN FREUND & YOUNG FAX NO. 9704821101 P. 21
Case 4:08-cv-01140-CDP Document 25 Filed 03/20/09 Page 17 of 20

Case 4:08-cv-01140 Document 1-2 Filed 08/04/2008 Page 11 of 14

U.S. Patent     Jul. 16, 2002     Sheet 10 of 13     US D460,566 S



FIG. 10

**U.S. Patent**  Jul. 16, 2002  Sheet 11 of 13  US D460,566 S



FIG.11

AUG-13-2008 WED 11:46 AM COCHRAN FREUND FAX NO. 9704921101 P. 23
Case 4:08-cv-01140-CDP Document 25 Filed 03/20/09 Page 19 of 20

Case 4:08-cv-01140 Document 1-2 Filed 08/04/2008 Page 13 of 14

**U.S. Patent**     Jul. 16, 2002     Sheet 12 of 13     **US D460,566 S**



FIG. 12

AUG-13-2008 Case 4:08-cv-01140 WED 11:46 AM 01140-RACE FREUND & YOUNG Document 25 FAX NO. 9704921101 Filed 03/20/09 Page 20 of 20 P. 24

Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 14 of 14

**U.S. Patent**   Jul. 16, 2002   Sheet 13 of 13   **US D460,566 S**



FIG. 13

AUG-13-2008 Case 4:08-cv-01140 WED 11:46 AM 01140-RACE FREUND & YOUNG Document 25 FAX NO. 9704921101 Filed 03/20/09 Page 20 of 20

000014