UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WHITNEY DESIGN, INC., )
 )
   Plaintiff, )
 )
  vs. )  Case No. 4:08CV1140 CDP
 )
B & R PLASTICS, INC., )
 )
   Defendant. )

## MEMORANDUM AND ORDER

  This matter is before me on plaintiff Whitney Design's motion to dismiss

defendant B & R Plastics' counterclaims for failure to state claims under Fed. R.

Civ. P. 12(b)(6).[1]  In this patent infringement case, Whitney Design seeks a

declaration that its foldable step stool does not infringe a design patent licensed by

B & R Plastics.  B & R Plastics brings counterclaims against Whitney Design for

patent infringement, injunction, and unfair competition.  Whitney Design moves

for dismissal of the patent infringement and injunction counterclaims on the

ground that B & R Plastics has not alleged that it is the exclusive licensee with

---

  [1]When deciding a motion to dismiss under Rule 12(b)(6), the court must assume all
factual allegations of the complaint are true and must construe those allegations in favor of the
plaintiff.  Neitzke v. Williams, 490 U.S. 319, 326 (1989).  "The motion will succeed or fail based
upon the allegations contained in the face of the complaint."  McAuley v. Federal Ins. Co., 500
F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted).  However, the
factual allegations in the complaint must be more than "labels and conclusions, and a formulaic
recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 127 S. Ct.
1955, 1965 (2007).

substantially all of the rights to the patent-in-suit. B & R Plastics opposes the motion, contending that its counterclaim is sufficient to survive dismissal because it alleges that B & R Plastics is "the" licensee, which implies exclusivity. B & R Plastics has also filed an affidavit attesting that it is the exclusive licensee of the patent and maintains substantially all of the rights under the patent. As an alternative to dismissal, B & R Plastics seeks leave to amend its counterclaim to specifically allege that it is the exclusive licensee of the patent-in-suit with substantially all of the rights to the patent.

I will exercise my discretion and grant B & R Plastics leave to amend its counterclaim to allege that it is the exclusive licensee of the patent-in-suit with substantially all of the rights to the patent.[2]  Whitney Design's motion to dismiss Counts I and II of the counterclaim will be denied as moot.

Whitney Design also moves to dismiss B & R Plastics' unfair competition counterclaim on the ground that a claim of patent infringement per se does not give rise to an action for unfair competition. While true, see S. Bravo Systems, Inc. v. Containment Technologies Corp., 96 F.3d 1372, 1376-77 (Fed. Cir. 1996), it is also true that a distinct cause of action for unfair competition may arise in a

---

[2]Leave to amend should be freely granted when justice so requires. See Fed. R. Civ. P. 15(a)(2).

factual context which also gives rise to a patent infringement claim. See Water Technologies Corp. v. Calco, Ltd., 850 F.2d 660, 671 (Fed. Cir. 1988). Stated another way, B & R Plastics' counterclaim is not deficient merely because it relies on facts that also give rise to its patent infringement claim. Here, B & R Plastics' counterclaim states a claim for unfair competition and cannot be dismissed. Whether B & R Plastics can ultimately prevail on this claim is not before me at this stage of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant is granted leave to amend its counterclaim as stated above by no later than **May 13, 2009.**

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss [#27] is denied in part and denied as moot in part as stated above.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2009.