IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WHITNEY DESIGN, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 4:08CV01140 CDP |
| | ) | |
| B & R PLASTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND DEFENDANT'S AMENDED COUNTERCLAIM AGAINST PLAINTIFF

COMES NOW Defendant, by and through counsel, Erik G. Fischer, P.C., and for its Answer to Plaintiff's Complaint for Declaratory Judgment, states as follows:

1. Defendant admits Paragraphs 1, 2 and 3 of Plaintiff's Complaint.

2. Defendant admits Paragraph 4 in that the Court has jurisdiction under the patent laws to determine a Complaint for Declaratory Judgment, but denies that venue is appropriate as Defendant believes venue is appropriate in the Federal District Court of Colorado.

3. Defendant admits the allegations contained in Paragraphs 5 and 6.

4. Defendant denies the allegations contained in Paragraph 7 that the step stool of Whitney Design, Inc. does not infringe the 566' Patent.

5. Defendant denies the allegation contained in Paragraph 8 that the '566 Patent is invalid, void or unenforceable pursuant to any of the criteria outlined in the Complaint.

5. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

## DEFENDANT'S AMENDED COUNTERCLAIM AGAINST PLAINTIFF

COMES NOW Defendant, by and through counsel, Erik G. Fischer, P.C., and asserts the following Counterclaim against the Plaintiff in this action, and in support of same states as follows:

## GENERAL ALLEGATIONS

1. Defendant is the exclusive licensee of a Patent designed and invented as a foldable stool. Said Design Patent was issued to inventor Reed E. Henschel and Brad Eveleth under Patent No. US D460,566 S on July 16, 2002. A copy of said Patent is attached hereto as "Exhibit A".

2. Defendant is the exclusive licensee of the patent-in-suit with substantially all of the rights to the patent.

3. Plaintiff, through its divisions, subsidiaries and/or agents, is engaged, inter alia, in the business of manufacturing, marketing, distributing and selling an infringing product advertised as a folding step stool.

4. The Folding Step Stool is a direct knock-off of one (1) of Defendant's products.

5. The Plaintiff's product uses Defendant's patent and technology or a reasonable facsimile therefore in direct competition with Defendant's own product.

6. Upon information and belief, the Plaintiff is fully aware of Defendant's Patent and product as Plaintiff's product is an almost identical duplication of the advertising contained on said product.

7. Upon information and belief, the Plaintiff's importer from China has been put on notice by Defendant through various correspondence related to the improper manufacture of said product.

8. Despite being put on notice of the infringement, Plaintiff continues to make, distribute, advertise, market and sell the Folding Step Stool which infringes on the Patent licensed to Defendant.

9. Plaintiff's acts of marketing, distributing, and otherwise infringing against Defendant has occurred throughout the United States.

### FIRST CLAIM FOR RELIEF

### (Patent Infringement)

10. Defendant incorporates and restates the foregoing allegations as set forth above as though fully set forth herein.

11. Plaintiff is infringing Defendant's Patent by, inter alia, manufacturing, distributing, advertising, marketing and selling the Step N' Store Stool. Such infringement is deliberate, willful, intentional and with full knowledge of the existence and validity of the Patent licensed to Defendant.

12. Upon information and belief, Plaintiff has been infringing the Patent for approximately six (6) months. Plaintiff's infringement has continued to date and will continue unless enjoined by the Court.

13. As a direct and proximate result of Plaintiff's actions, Defendant has suffered damages in an amount to be ascertained at trial.

### SECOND CLAIM FOR RELIEF

### (Injunction)

14. Defendant incorporates and restates the allegations set forth above as though fully set forth herein.

15. As a direct and proximate result of Plaintiff's actions of infringing the Patent licensed to Defendant, Defendant has suffered, and will continue to suffer, irreparable harm.

16. Defendant has no adequate remedy at law if Plaintiff continues to infringe the Patent licensed to Defendant.

17. Defendant has suffered, and will continue to suffer, irreparable harm and damage unless a preliminary and final injunction are issued enjoining Plaintiff from infringing the Patent licensed to Defendant.

18. Defendant will likely prevail on the merits of the case at trial.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

19. Defendant incorporates and restates the allegations set forth above as though fully set forth herein.

20. Defendant has invested substantial time, energy and resources in developing, marketing, and selling products covered by the Patent.

21. By the above mentioned activities, Plaintiff has misappropriated Defendant's efforts and such are being improperly used by Plaintiff to compete with Defendant in the United States.

22. Plaintiff has usurped Defendant's competitive advantage and interfered with the operation of Defendant's legitimate business.

23. Plaintiff's conduct and activities constitute unfair competition against Defendant.

24. Plaintiff's conduct and activities have damaged Defendant in an amount to be determined at trial which is in excess of $75,000.00 and, unless enjoined, will seriously impair the value of Defendant's business.

**WHEREFORE**, Defendant prays for judgment against the Plaintiff as follows:

(a) That it be adjudged that the Patent licensed to Defendant has been infringed by Plaintiff;

(b) Award Defendant a preliminary and permanent final injunction against the continued infringement;

(c) Order an accounting of Plaintiff's sales, profits, cost of goods sold and other relevant financial information as it relates to the Folding Step Stool;

(d) Award Defendant damages against Plaintiff in an amount adequate to compensate Defendant for such infringement and not less than a reasonable royalty, together with interest and costs, in an amount to be ascertained;

(e) Award Defendant an additional sum on account of the willful, intentional and deliberate character of Plaintiff's infringing acts pursuant to 35 U.S.C. 284;

(f) Award Defendant reasonable attorney fees and costs against Plaintiff; and

(g) Grant Defendant all other legal and equitable relief for which Defendant is entitled.

**DEFENDANT DEMANDS A JURY OF 12.**

Dated this 4th day of May, 2009.

            Respectfully submitted,

            *Erik G. Fischer, PC*

            /s/ Erik G. Fischer
            Erik G. Fischer, #16856
            Erik G. Fischer, PC
            125 S. Howes Street, Suite 900
            Fort Collins, CO 80521
            Telephone: (970) 482-4710
            Facsimile: (970) 482-4729
            efischer@fischerandfischerlaw.com
            *Attorney for B & R Plastics, Inc.*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 4th day of May, 2009, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND DEFENDANT'S AMENDED COUNTERCLAIM AGAINST PLAINTIFF** was e-served with notice e-mailed to the following:

McPherson D. Moore
Nelson D. Nolte
Polster, Lieder, Woodruff & Lucchesi, L.C.
12412 Powerscourt Drive - Suite 200
St. Louis, MO 63131
(314) 238-2400
FAX (314) 238-2401
nnolte@patpro.com

            s/ Deborah A. Bishop
            For Erik G. Fischer, PC
            125 South Howes Street - Suite 900
            Fort Collins, Colorado 80521
            (970) 482-4710
            (970) 482-4729 (Fax)
            dbishop@fischerandfischerlaw.com

Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 1 of 14

US00D460566S

(12) **United States Design Patent** (10) Patent No.: **US D460,566 S**
Henschel et al.                     (45) Date of Patent: ** Jul. 16, 2002

(54) **FOLDABLE STOOL**

(76) Inventors: Reed E. Henschel, 219 Main St., P.O. Box 337, Faith, SD (US) 57626; Brad Eveleth, Box 68-5 P.O. HC 59, Edgemont, SD (US) 57735

(**) Term: 14 Years

(21) Appl. No.: 29/144,406

(22) Filed: Jul. 2, 2001

(51) LOC (7) Cl. .................................................. 25-04
(52) U.S. Cl. ................................................... D25/65
(58) Field of Search ........................... D25/65, 62, 63; 108/124, 129, 130, 131, 132; 16/DIG. 13; 297/44, 42, 188.1

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 1,970,196 A | 8/1934 | Rodemeyer |
| 3,077,282 A | 2/1963 | Eggers |
| 3,673,636 A | 7/1972 | Ruiz |
| 4,043,277 A * | 8/1977 | Wallace ............... 108/35 |
| 4,253,268 A | 3/1981 | Mayr |
| D265,026 S * | 6/1982 | Macho et al. ........... D6/353 |
| 4,383,488 A | 5/1983 | Macho et al. |
| 4,630,861 A | 12/1986 | Henschel |
| 4,807,329 A | 2/1989 | Mossaigue |
| 5,361,456 A | 11/1994 | Newby, Sr. |
| 5,697,669 A | 12/1997 | Yemini |
| 5,845,366 A | 12/1998 | Kuroda |
| 5,940,934 A | 8/1999 | Turner |

* cited by examiner

Primary Examiner—Stella Reid
(74) Attorney, Agent, or Firm—Kinney & Lange, P.A.

(57) **CLAIM**

The ornamental design for a foldable stool, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of the present invention in an open position;
FIG. 2 is a top plan view of the present invention in an open position;
FIG. 3 is a front elevational view of the present invention in an open position;
FIG. 4 is a right side view of the present invention in an open position;
FIG. 5 is a rear elevational view of the present invention in an open position;
FIG. 6 is a left side view of the present invention in an open position;
FIG. 7 is a bottom plan view of the present invention in an open position;
FIG. 8 is a perspective view of the present invention in a folded or collapsed position;
FIG. 9 is a top plan view of the present invention in a folded or collapsed position;
FIG. 10 is a front elevational view of the present invention in a folded or collapsed position;
FIG. 11 is a right side view of the present invention in a folded or collapsed position;
FIG. 12 is a rear elevational view of the present invention in a folded or collapsed position;
FIG. 13 is a left side view of the present invention in a folded or collapsed position; and,
FIG. 14 is a bottom plan view of the present invention in a folded or collapsed position.

1 Claim, 13 Drawing Sheets





EXHIBIT A

Case 4:08-cv-01140    Document 1-2    Filed 08/04/2008    Page 2 of 14

**U.S. Patent**    Jul. 16, 2002    Sheet 1 of 13    **US D460,566 S**



FIG. 1

AUG-13-2008 WED 11:45 AM COBURN FREUND & YOUNG    FAX NO. 8704921191    P. 13
Case 4:08-cv-01140    Document 33    Filed 05/04/09    Page 9 of 20
Case 4:08-cv-01140    Document 1-2    Filed 08/04/2008    Page 3 of 14

**U.S. Patent**    Jul. 16, 2002    Sheet 2 of 13    **US D460,566 S**



FIG.2

**U.S. Patent**   Jul. 16, 2002   Sheet 3 of 13   US D460,566 S



FIG. 3

AUG-13-2008 WED 11:40 AM C--KAN FREUND & YOUNG    FAX NO.                P. 15
Case 4:08-cv-01140-CDP  Document 33   Filed 05/04/09   Page 11 of 20

Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 5 of 14

U.S. Patent        Jul. 16, 2002        Sheet 4 of 13        US D460,566 S



FIG. 4

U.S. Patent   Jul. 16, 2002   Sheet 5 of 13   US D460,566 S



FIG. 5

**U.S. Patent**  Jul. 16, 2002  Sheet 6 of 13  **US D460,566 S**



FIG. 6

**U.S. Patent**    Jul. 16, 2002    Sheet 7 of 13    **US D460,566 S**



FIG.7

U.S. Patent	Jul. 16, 2002	Sheet 8 of 13	US D460,566 S



FIG. 8

**U.S. Patent**    Jul. 16, 2002    Sheet 9 of 13    **US D460,566 S**



FIG.9



FIG.14

**U.S. Patent**    Jul. 16, 2002    Sheet 10 of 13    US D460,566 S



FIG. 10

Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 12 of 14

**U.S. Patent**    Jul. 16, 2002    Sheet 11 of 13    US D460,566 S



FIG. 11

AUG-13-2008 WED 08:46 AM OCCURAN FREUND & YOUNG    FAX NO. 9704921101    P. 23
Case 4:08-cv-01140-ODP    Document 33    Filed 05/04/09    Page 19 of 20

Case 4:08-cv-01140    Document 1-2    Filed 08/04/2008    Page 13 of 14

**U.S. Patent**     Jul. 16, 2002     Sheet 12 of 13     **US D460,566 S**



FIG. 12

AUG-13-2008 WED 08:46 AM COCHRAN FREUND & YOUNG    FAX NO. 9704921101    P. 24
Case 4:08-cv-01140-CDP   Document 33   Filed 05/04/09   Page 20 of 20

Case 4:08-cv-01140   Document 1-2   Filed 08/04/2008   Page 14 of 14

**U.S. Patent**  Jul. 16, 2002   Sheet 13 of 13   **US D460,566 S**



FIG. 13