UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WHITNEY DESIGN, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:08CV1140 CDP |
| B & R PLASTICS, INC., | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

The issue of whether B & R Plastics has standing to pursue its patent infringement counterclaims is before me again, this time on Whitney Design's motion for summary judgment.[1]  In this case, Whitney Design seeks a declaration that its foldable step stool does not infringe a design patent licensed by B & R Plastics, referred to by the parties as the '566 patent.  B & R Plastics brings counterclaims against Whitney Design for patent infringement, injunction, and

---

[1]In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

unfair competition. Whitney Design moves for judgment as a matter of law on the patent infringement and injunction counterclaims on the ground that B & R Plastics has not demonstrated that it is the exclusive licensee with substantially all of the rights to the '566 patent.[2] The listed inventors of the '566 patent are Reed Henschel and Brad Eveleth.

B & R Plastics opposes the motion and has provided the Court with two agreements that it contends establishes it as an assignee of all substantial patent rights. One of these agreements is signed by inventor Reed Henschel and Tower Stools, Inc. The other agreement purports to be between B & R and Foldz LLC by Brad Eveleth, but it is not signed, verified, or authenticated by affidavit or otherwise. Apparently this agreement was also not produced to Whitney Design, instead being withheld from disclosure on grounds of attorney-client privilege. For this reason, Whitney Design argues that it cannot be used as evidence of B & R's rights in the patent. As an alternative to its first argument in opposition to summary judgment, B & R Plastics asserts that if it does not have substantially all the rights in the patent, then it is Whitney Design's responsibility to join the patent

---

[2]Whitney Design also seeks judgment on its complaint, although the motion is devoid of any factual or legal reasons why summary judgment should be granted on the complaint, instead of on just two out of three counterclaims. That motion is summarily denied.

holders as parties because "they are the plaintiffs." Of course, B & R Plastics is actually prosecuting the patent infringement suit in its counterclaim, so if the patent holders need to be joined to bring the patent infringement suit then it is B & R Plastics' responsibility to do so, not Whitney Design's.

The Patent Act provides that "[a] patentee" is entitled to bring a civil action "for infringement of his patent." 35 U.S.C. § 281. The term "patentee" includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee." Id. § 100(d). Those provisions of the Patent Act have been interpreted to require that a suit for infringement of patent rights ordinarily be brought by a party holding legal title to the patent. Sicom Sys. Ltd. v. Agilent Techs., Inc., 427 F.3d 971, 976 (Fed. Cir. 2005); Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1551 (Fed. Cir. 1995) (en banc); Abbott Labs. v. Diamedix Corp., 47 F.3d 1128, 1130 (Fed. Cir. 1995). "Even if the patentee does not transfer formal legal title, the patentee may effect a transfer of ownership for standing purposes if it conveys all substantial rights in the patent to the transferee. In that event, the transferee is treated as the patentee and has standing to sue in its own name." Propat Intern. Corp. v. Rpost, Inc., 473 F.3d 1187, 1189 (Fed. Cir. 2007). To determine whether B & R Plastics is entitled to sue for infringement in its own

name alone, without the patent owner's participation, the Court must look to the licensing agreements between the parties and analyze the respective rights allocated to each party under the agreements.  See id.

It is here the Court runs into the first of many problems with this case.  First, B & R Plastics produced a licensing agreement unrelated to the '566 patent, apparently due to some mistake, and represented to Whitney Design that this unrelated agreement actually transferred substantially all the rights in the '566 patent to B & R Plastics.  Rather than calling this obvious mistake to the attention of opposing counsel so that the correct licensing agreement could be produced, Whitney Design filed this "gotcha" summary judgment motion instead.  In opposition to summary judgment, B & R Plastics produced the "correct" licensing agreements, although as I mentioned above one of them is not signed or verified and is not even between the patent holder and B & R Plastics.  When Whitney Design cried foul over the "late" production of this document (I say "late" because discovery is ongoing and the parties could easily have amended any discovery responses at this point in the case), B & R Plastics replied that Whitney Design "should have known" about the existence of this agreement because it referred to it in discovery responses as being withheld on the basis of attorney-client

privilege. It remains a mystery to the Court how B & R Plastics can withhold this allegedly final licensing agreement on the basis of attorney-client privilege.

Even if I were to accept Whitney Design's argument that B & R Plastics is not the exclusive licensee with substantially all the rights to the '566 patent, Whitney Design is still not entitled to the relief it seeks on this record - entry of judgment in its favor on its complaint and the patent infringement counterclaims based on lack of standing. An exclusive licensee who receives fewer rights than an assignee of all substantial patent rights still has standing to sue for patent infringement by joining the patentee as a party. Propat Intern. Corp. v. Rpost, Inc., 473 F.3d at 1193. Because the lack of standing may be cured by joinder, the case should only be dismissed -- and then, only without prejudice -- if the patentee is not joined. Id.; Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc., 248 F.3d 1333, 1348-49 (Fed. Cir. 2001). Only a bare licensee lacks standing to sue third parties for infringement of the patent and cannot cure its lack of standing by joining the patentee as a party. Propat Intern. Corp., 473 F.3d at 1193-94. On this record I cannot conclude as a matter of law that B & R Plastics is a bare licensee with no rights to sue for patent infringement. Therefore, even if B & R Plastics is not the exclusive licensee with substantially all the rights in the '566 patent, it may

still be able to maintain this suit as an exclusive licensee with fewer rights than an assignee of all substantial patent rights by joining the patent owners in the prosecution of its patent infringement claims against Whitney Design. Finally, if B & R Plastics did not cure its lack of standing by joining the patentee the appropriate remedy would be to dismiss the patent infringement claims without prejudice, <u>not</u> to enter judgment in Whitney Design's favor.

Despite the numerous infirmities in both parties' arguments, the issue of whether B & R Plastics has standing to pursue its patent infringement claims must be resolved. Rather than simply denying the motion (only to be forced to consider this issue a third time), I am setting the motion for summary judgment for hearing. At the hearing, the parties may present any additional evidence on the issue of whether B & R Plastics has standing to pursue its patent infringement claims, evidence such as: verification of the licensing agreements related to the '566 patent; evidence as to why one of the agreements is unsigned and purports to be between a company and B & R Plastics instead of the patent holder and B & R Plastics; and, evidence about the relationship between the patent holders and the companies named on the licensing agreements. I also expect counsel for B & R Plastics to explain why the licensing agreement was withheld from disclosure on

the basis of attorney-client privilege. If no additional evidence is offered by the parties at the hearing, I will dismiss the patent infringement counterclaims without prejudice, as this is the appropriate remedy where Whitney Design has not demonstrated that B & R Plastics is a bare licensee as a matter of law. Of course, if the parties settle this matter during their mediation session on August 19, 2009, they should notify my chambers immediately.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment [#39] is set for hearing on **Thursday, August 27, 2009 at 2:00 p.m.** in Courtroom 14-South.

                                                    _____
                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2009.